***********
Upon review of the competent evidence of record with reference to the errors assigned the Full Commission in IC No. 270238 finds no good ground to receive further evidence, reconsider the evidence or to rehear the parties or their representative and therefore affirms the Opinion and Award of the Deputy Commissioner. In reference to PH-0927, the Full Commission finds good grounds to sever the claim for penalties under N.C. Gen. Stat. § 97-94(d), remand the claim for a new hearing and to name James E. Sanderson, Jr., individually as a party-defendant.
The undersigned finds as fact and concludes as matters of law the following, which were entered into by the parties as:
 STIPULATIONS
1. The parties are subject to the North Carolina Workers' Compensation Act.
2. Defendant is a business incorporated in the State of North Carolina.
3. Plaintiff is employed by Defendant and has been since June 2001 as a fabricator/welder.
4. Defendant does not have workers' compensation insurance.
5. Plaintiff's average weekly wage is $606.77.
6. Plaintiff sustained an injury by accident to his back on January 16, 2003 when he fell at work.
7. The injury arose out of and in the course of his employment.
8. Plaintiff was born on July 19, 1971 and has a high school education.
9. This matter was originally scheduled for hearing on October 28, 2003.
10. Prior to the hearing, Defendant agreed to enter into an Industrial Commission Form 21 Agreement admitting liability.
11. Defendant did not provide a signed Form 21 after a number of requests and on November 21, 2004, Plaintiff filed a Motion for an Expedited Hearing, Attorney Fees and to Compel Discovery.
12. On December 4, 2003, Defendant provided a signed Industrial Commission Form 21 along with a check in the amount of $1,482.42 for temporary partial disability agreed to in the Industrial Commission Form 21 Agreement.
13. On December 11, 2003, Deputy Commissioner George R. Hall, III approved the Industrial Commission Form 21 Agreement.
14. On January 28, 2004, Plaintiff filed a Motion for Payment of Medical Expenses, Penalty, and Attorney Fees, requesting reimbursement to Plaintiff in the amount of $1,446.02 for medical expenses, to pay medical providers $1,771.00 for medical expenses, to assess a 10% penalty, and to award attorney's fees.
15. On January 29, 2004, Defendant paid $1,430.22 to Plaintiff for reimbursement for medical expenses.
16. On February 19, 2004, Deputy Commissioner George R. Hall, III ordered Defendant to reimburse Plaintiff $1,446.02 for medical expenses, to pay outstanding medical expenses of $1,771.00, to add a 10% penalty, and to pay an attorney fee of $500.00.
17. Plaintiff has qualified for unemployment compensation at the rate of $344.00 per week and will receive the same effective May 16, 2004.
18. Defendant has made no payments to medical providers.
19. Defendant has paid no penalties.
20. Defendant has paid no attorney's fees to Plaintiff's attorney.
21. On February 3, 2004, Dr. Joseph G. McCabe took Plaintiff out of work until evaluation by a neurosurgeon; Defendant was provided a copy of this note.
22. On February 12, 2004, Defendant's attorney was provided with all medical records from Dr. McCabe.
23. On February 17, 2004, Plaintiff was evaluated by Dr. Mark C. Held at Carolina Craniospinal Neurosurgery; Dr. Held took him out of work until April 21, 2004; Defendant was provided with a copy of this note.
24. On February 26, 2004, Plaintiff filed a Motion for Payment of Temporary Total Disability Benefits, Penalty, and Attorney's fees.
25. On March 24, 2004, Deputy Commissioner George R. Hall, III entered an Order ordering Defendant to pay temporary total disability benefits in the amount of $404.71 per week from February 3, 2004 and continuing, as long as Plaintiff is temporarily and totally disabled; to pay a 10% penalty on all temporary total disability payments not paid within 14 days after they become due and to pay an attorney's fee of $101.18 each week to Plaintiff's attorney.
26. On April 25, 2004, Plaintiff filed a Motion for Order for Defendant to Appear and Show Cause for Contempt for failure to comply with the Orders entered by Deputy Commissioner George R. Hall, III on February 19, 2004 and March 24, 2004.
27. On April 7, 2004, Defendant filed a Notice of Appeal to the Full Commission from the Order entered by Deputy Commissioner George R. Hall, III on March 24, 2004.
28. On April 19, 2004, the Full Commission remanded the case to Deputy Commissioner Hall to reopen the record and conduct a hearing for the taking of evidence to make Findings of Fact and Conclusions of Law in an Opinion and Award, and staying the contempt proceedings initiated by Plaintiff.
29. The parties Pre-Trial Agreement was stipulated into evidence as Stipulated Exhibit No. 1 and includes the following documents:
 Page No.
Exhibit A — Medical Records 1
Carteret General Hospital 2-8
Crystal Coast Family Practice/Dr. Joseph McCabe 9-22
Dr. Patrick D. McLaughlin 23-24
Carolina Craniospinal Neurosurgery/Dr. Mark Held 25-33
Carteret Pain Medicine/Dr. Ronald Long 34-42
Coastal Physical Medicine/Dr. Jeffrey N. Pierce 43-46
Exhibit B — Unpaid Medical Bills 47
Total Unpaid Medical Bills 48
Carteret General Hospital 49-56
EMP 57
Coastal Radiology 58-59
Carolina Craniospinal Neurosurgery/Dr. Mark Held 60-61
Carteret Pain Medicine/Dr. Ronald Long 62-63
EMPI 64
Exhibit C — Medical Expenses Paid by Plaintiff 65
Total Medical Expenses Paid by Plaintiff 66
Travel Expenses 67-68
Prescription Expenses 79-99
Doctors' Expenses 100-104
Reimbursement by Defendant 105
Exhibit D — Defendant's Responses to Interrogatories 106-129

30. At the hearing the parties stipulated into evidence Exhibit 2, which contains the following:
• Note from Carolina Craniospinal Neurosurgery dated 4/2/04
• Note from Carolina Craniospinal Neurosurgery dated 2/17/04
• Note from Carteret General Hospital dated 5/18/04
• Employment Security Commission Notice of Claim dated 5/31/04
31. All records on file with the Industrial Commission in this matter are stipulated into evidence.
 ***********
Based upon all the competent evidence of record, the Full Commission makes the following:
 FINDINGS OF FACT
1. Plaintiff received medical care for his work related injury from the following: Carteret General Hospital, Crystal Coast Family Practice, Dr. Joseph McCabe, Dr. Patrick D. McLaughlin, Carolina Craniospinal Neurosurgery, Dr. Mark Held, Carteret Pain Medicine, Dr. Ronald Long, Coastal Physical Medicine, Dr. Jeffrey N. Pierce, EMP, Coastal Radiology and EMPI.
2. As of the date of this hearing, Plaintiff had paid for prescription medications, for medical travel, and for some of the medical treatment he has received in the amount of $2,644.73 and has been reimbursed by Defendant in the amount of $1,430.22, leaving $1,214.51 for which Plaintiff has not been reimbursed.
3. As of the date of this hearing, the following medical charges have been presented to and approved by the Medical Section of the North Carolina Industrial Commission:
 Total Charges Approved
Carteret General Hospital $4,166.00 $3,957.69
Coastal Radiology 390.00 246.02
Carolina Craniospinal Neurosurgery 273.00 182.13
Carteret Pain Management 2,916.00 2,306.58
EMPI 823.80 823.80
TOTAL 7,516.22

Of this amount, Plaintiff has paid $72.00 to Carteret Pain Management and $136.50 to Carolina Craniospinal Neurosurgery. The total amount approved and unpaid is $7,307.02.
4. Subsequent to the hearing, the following medical charge was presented to and approved by the Medical Section of the North Carolina Industrial Commission and has not been paid:
 Charges Approved
Carteret Pain Management $85.00 $51.16

5. As of the date of the hearing, the following charges had not been submitted to the Medical Section of the North Carolina Industrial Commission, and have not been paid:
EMP $256.00
Carolina Craniospinal Neurosurgery $216.00

6. On May 17, 2004, Dr. Pierce stated that Plaintiff could return to work without restrictions.
7. Plaintiff was out of work from February 3, 2004 until May 17, 2004 for his work related injury.
8. Plaintiff has not reached maximum medical improvement and he is still receiving medical care for his work related injury.
9. James E. Sanderson, Jr., Post Office Box 464, Swansboro, North Carolina 28584, is the President of Sanderson Boat Works, Inc.
10. Defendant stipulated during the hearing of this matter that they did not have workers' compensation insurance on the date of Plaintiff's injury and that they were subject to the Act. Defendant also stipulated during the hearing of this matter that he did not have workers' compensation insurance from April 1, 2002 through March 25, 2003, for a total of 358 days, and that he had three or more employees during that time period.
11. Plaintiff's attorney has incurred expenses in the amount of $771.02 and spent over 80 hours in prosecuting this action on behalf of Plaintiff.
12. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by penalty of One Dollar ($1.00) for each employee, but not less than Fifty Dollars ($50.00) nor more than One Hundred Dollars ($100.00) for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
13. Since Defendant James E. Sanderson, Jr. was not named as a party defendant individually, the Industrial Commission's claim for penalties under N.C. Gen. Stat. § 97-94(d) should be severed and remanded for a new hearing where James E. Sanderson, Jr. is named as a party-defendant.
14. Defendant defended claim number I.C. 270238 without reasonable ground.
 ***********
Based upon the foregoing Stipulations and Findings of Fact, the undersigned makes the following:
 CONCLUSIONS OF LAW
1. Plaintiff's medical treatment by the providers listed in Findings of Fact Number 1 was reasonably necessary to provide relief of, effectuate a cure of, or lessen any disability associated with Plaintiff's injury and Plaintiff is entitled to have Defendant pay all medical expenses which are reasonably related to his injury. N.C. Gen. Stat. § 97-25.
2. Plaintiff's average weekly wage is $606.77, yielding a compensation rate of $404.71.
3. Plaintiff is entitled to have Defendant pay temporary total disability benefits for the 15 weeks he missed from February 3, 2004 until May 17, 2004 at a weekly compensation rate of $404.71. N.C. Gen. Stat. §97-29.
4. Plaintiff is entitled to any permanent partial disability associated with his injury. N.C. Gen. Stat. §§ 97-30; 97-31.
5. Defendant is liable for costs, including attorney fees herein, as a result of failure to comply with the Workers' Compensation Act and defense of this claim without reasonable grounds. N.C. Gen. Stat. § 97-88.1.
6. Any employer required to secure the payment of compensation who refuses or neglects to secure such compensation shall be punished by a penalty of $1.00 for each employee, but not less than $50.00 nor more than $100.00 for each day of such refusal or neglect, and until the same ceases. N.C. Gen. Stat. § 97-94(b).
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the undersigned makes the following:
 AWARD
1. Defendant shall pay Plaintiff temporary total disability benefits in the amount of $6,070.65 plus a 10% late fee penalty of $607.06, for a total of $6,677.72. This sum has accrued and shall be paid in one lump sum directly to Plaintiff.
2. Defendant shall reimburse Plaintiff for prescription medication, medical travel, and for medical expenses in the amount of $1,214.51.
3. Defendant shall pay the following medical bills:
Carteret General Hospital $3,957.69
Coastal Radiology 246.02
Carolina Craniospinal Neurosurgery 261.63
Carteret Pain Management 2,285.74
EMPI 823.80
EMP 256.00
 _________
TOTAL $7,830.88

4. Defendant shall pay for all medical expenses connected with Plaintiff's work related injury, which are to provide relief of, effectuate a cure of, or lessen any disability associated with Plaintiff's injury.
5. A reasonable attorney's fee in the amount of $6,000.00 is approved for Plaintiff's counsel and shall be paid by Defendant directly to Plaintiff's counsel as a part of costs and shall not be deducted from the amount due Plaintiff.
6. Pursuant to N.C. Gen. Stat. § 97-94(b), a penalty of $50.00 per day is assessed for failing to secure workers' compensation insurance for a total of 358 days from April 1, 2002 through March 25, 2003. Defendant shall make a check payable to the North Carolina Industrial Commission in the amount of $17,900.00 and send it directly to the Docket Director at the Industrial Commission.
7. Plaintiff's Counsel shall send a copy of this Opinion and Award to all of the healthcare providers in this matter who have not been paid for services provided to Plaintiff related to his compensable injury. The healthcare providers with outstanding bills in this matter shall not seek to obtain collection of these bills from Plaintiff. The healthcare providers shall direct their collection efforts at Sanderson Boat Works, Inc., whose address appears to be Post Office Box 464, Swansboro, North Carolina 28584 based on the information in the Industrial Commission file.
8. Defendant shall pay the costs.
 ORDER
The Industrial Commission claim for penalties under N.C. Gen. Stat § 97-94(d) against James E. Sanderson, Jr. individually is severed from this claim and remanded for a new hearing. James E. Sanderson, Jr. individually shall be added as a party defendant in PH-0927 when the case is reset for hearing on N.C. Gen. Stat. § 97-94(d) penalties.
This the ___ day of September, 2005.
 S/___________________ BERNADINE S. BALLANCE COMMISSIONER
CONCURRING:
 S/__________ PAMELA YOUNG COMMISSIONER
 S/_______________ CHRISTOPHER SCOTT COMMISSIONER